SUMMARY ORDER
Defendant Tony Rookard appeals from a judgment of conviction entered on January 25, 2008 in the District Court. Rookard was originally charged in a three-count indictment with possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), possessing a firearm with a defaced serial number, in violation of 18 U.S.C. § 922(k), and possession of cocaine base, in violation of 21 U.S.C. § 844(a). Rookard moved to suppress the evidence against him, which had been seized during a Terry stop, see Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), on the ground that it had been obtained in violation of his Fourth Amendment rights. Following a suppression hearing, Magistrate Judge H. Kenneth Schroeder, Jr. issued a Report and Recommendation on January 26, 2007, 2007 WL 210398, recommending the denial of Rookard’s motion to suppress. The District Court adopted the Report and Recommendation in its entirety. Rookard then pleaded guilty to all three counts of the indictment, but reserved the right to appeal the denial of his motion to suppress evidence. On January 25, 2008, the District Court entered a judgment of conviction, and sentenced Rookard principally to a term of 21 months in prison. Rookard filed a timely notice of appeal, raising only the denial of his motion to suppress. We assume the parties’ familiarity with the remaining factual and procedural history of the case, though we revisit key portions of that history here.
The events at issue in this case occurred on November 5, 2005, at approximately 11 p.m. Officer Pasquale Panaro (“Panaro”) of the Buffalo Police Department and his partner were patrolling what Panaro later called a “very violent” area of Buffalo, New York. Panaro spotted a parked car with “heav[ily] tinted” windows,[1] and the engine running. Panaro pulled up alongside the car and shined a spotlight through the passenger-side window. He saw two black men sitting in the car, and noticed that the passenger, who was later identified as Rookard, had his arms raised and was holding a cell phone in his left hand and money in his right hand. Panaro then observed Rookard “drop[ ] his right hand very rapidly down out of ... sight towards his waist.” Panaro exited the patrol car and told Rookard to raise his hands so that they could be seen, but Rookard did not comply. Panaro again instructed Rookard to raise his hands, which Rookard again failed to do. Panaro then opened the passenger door of the car, removed Rookard from the passenger seat, and had Rookard place his hands on the roof of the car. Panaro asked Rookard if he had a weapon on his person, but Rookard did not answer. Panaro then frisked Rookard and found a gun around his waist area, as well as a package containing cocaine-base.
*503 On appeal, Rookard argues that his removal from the car and Panaro’s search of his person violated the Fourth Amendment’s requirement of reasonableness, because there was no reason to believe that he was engaged in criminal activity, nor was there reason to believe that Panaro’s safety was threatened. Accordingly, Rookard argues that the evidence obtained during the November 5, 2005 search should be suppressed. He further argues that the statements he made following his arrest should be suppressed as well, as fruits of the unlawful search and seizure.
We “review de novo the legal issues presented by a motion to suppress,” though “we accept the district court’s factual findings unless clearly erroneous, and we view those facts in the light most favorable to the government.” United States v. Casado, 303 F.3d 440, 443 (2d Cir.2002). Mixed questions of fact and law are subject to de novo review. See United States v. Moore, 968 F.2d 216, 221 (2d Cir.1992). The question before us here — whether it was reasonable for Panaro to remove Rookard from the parked car and to frisk him — is a mixed question of law and fact, which we accordingly review de novo.
We conclude, based upon the totality of the circumstances described above, that it was indeed, reasonable for Panaro to remove Rookard from the car and to frisk him. See Terry, 392 U.S. at 30, 88 S.Ct. 1868 (1968) (“[W]here a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, ... he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.”); see also United States v. Colon, 250 F.3d 130, 134 (2d Cir.2001) (“The investigating officer may ... frisk an individual for weapons if the officer reasonably believes that person to be armed and dangerous.”). Accordingly, the District Court did not err in denying the motion to suppress the evidence seized from the November 5, 2005 search. It follows that Rookard’s post-arrest statements are not the product of an illegal search, and likewise should not be suppressed.

CONCLUSION

For the reasons stated above, the judgment of the District Court is hereby AFFIRMED.

. After conducting the search described herein, Panaro used a tint meter later that night to test the percentage of light transmittance through the windows, and was able to determine that the windows permitted only eleven percent light transmittance. Accordingly, the car was in violation of N.Y. Veh. & Traf. Law § 375(12-a)(b), which requires at least seventy percent light transmittance.